David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*ROBERTO BENABE*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO BENABE, | : Civil Action No.: |
| | : |
| Plaintiff, | : |
| v. | : **COMPLAINT FOR DAMAGES** |
| | : **PURSUANT TO THE FAIR** |
| EQUIFAX INFORMATION | : **CREDIT REPORTING ACT, 15** |
| SERVICES, LLC; PHH MORTGAGE | : **U.S.C. § 1681, ET SEQ.** |
| CORPORATION; LEXISNEXIS RISK | : |
| SOLUTIONS, INC, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |
| | : |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. ROBERTO BENABE ("Plaintiff"), by Plaintiff's attorneys, brings this action against PHH MORTGAGE CORPORATON ("PHH"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), LEXISNEXIS RISK

SOLUTIONS, INC ("Lexis") (or jointly as "Defendants") for violations of the FCRA, as set forth below.

4. Lexis and Equifax may jointly be referred to herein as the Credit Reporting Agency or "CRA Defendants"

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendants are registered with the Nevada Secretary of State and have appointed registered agents in Nevada.

## PARTIES

7. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. PHH is a corporation doing business in the State of Nevada.

9. PHH is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

10. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.   Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

11. Lexis regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.   Lexis is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada.

12. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## Equifax Failed to Respond to Plaintiff's Written Dispute

13. In an Equifax credit report dated September 24, 2019, Equifax reported inaccurate information regarding Plaintiff.

14. On or about November 4, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Equifax's reported information regarding misreported trade lines by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Equifax.

15. Specifically, Plaintiff mailed a written dispute, certified, return receipt, to Equifax ("Equifax Dispute Letter"), requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

16. Equifax was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C. § 1681i.

17. Equifax thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed relating to the Equifax Dispute Letter pursuant to 15 U.S.C. § 1681i(a)(6).  Instead, Equifax claimed to be unable to identify the disputed accounts, despite the Equifax Dispute Letter specifically identifying the nature of the disputes.

18. As a result of Equifax's failure to provide a consumer disclosure, Equifax negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

19. Further, Equifax willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when Equifax failed to provide written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after

the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency.  Indeed, Equifax failed to properly conduct any investigation into the disputes raised in the Equifax Dispute Letter, thereby shirking Equifax's duties under the FCRA.

20. As a result Plaintiff suffered damages as further set forth herein, but not limited to emotional distress, lost time, loss of enjoyment of life, and otherwise an inability to assess his true credit standing.

## **PHH Misreported Credit Information**

## **RE: Account No. 4289**

21. In an Experian credit report dated September 20, 2019, PHH reported derogatory information regarding Plaintiff's mortgage account.

22. However, Plaintiff filed for Chapter 13 Bankruptcy on October 28, 2009 in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. § 1301 *et seq*.

23. Plaintiff's case was assigned Case Number 09-30364-abl ("Bankruptcy").

24. Filing the Bankruptcy triggered the seven year obsolescence period of 15 U.S.C. § 1681c.  It was therefore impermissible to report any derogatory information regarding any of Plaintiff's pre bankruptcy accounts later than October 28, 2016 (seven years after October 28, 2009).

25. Prior to PHH obtaining servicing rights, Plaintiff's mortgage account had (correctly) not been reported in Plaintiff's credit reports, given the obsolescence period had run.  However, upon obtaining servicing rights, PHH began reporting Plaintiff's mortgage, despite the account becoming obsolete.

26. On or about November 4, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed PHH's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by PHH.

27. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian ("Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted.    In pertinent part, the Experian Dispute Letter read as follows:

My credit report shows you are inaccurately reporting an account for PHH Mortgages Services, Partial Account No. ████4289.  First, there are scheduled late payments in September 2019. However, this account was in derogatory status prior to 2010, so its obsolete and should only have been reported on my file for seven years from the date I first became delinquent which was prior to 2010.  This account was previously serviced by Ocwen and before that American Home Mortgage.  So, it spears PHH is impermissibly reaging this account and causing it to appear on my report when it should have ceased reporting years ago; no later than 2017.  This is also causing my credit score to fall and I am losing an opportunity to potentially buy real estate, so this needs to be deleted immediately.

28. Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified PHH of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

29. PHH was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i and s-2(b).

30. On or about November 22, 2019, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1176-6902-15) that PHH and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated". However, PHH continued to report derogatory information after the obsolescence period.

31. A reasonable investigation by PHH would have removed the tradeline from Plaintiff's credit report as obsolete, and thus it should have "aged off" Plaintiff's credit reports.

32. PHH failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

## Lexis Misreported Plaintiff's Personal Information

33. In a Lexis credit report dated October 1, 2019, Lexis inaccurately reported Plaintiff's personal information.

34. On or about November 4, 2019, Plaintiff disputed Lexis's inaccurate reporting by notifying Lexis in writing.

35. Specifically, Plaintiff sent a letter, certified, return receipt, to Lexis ("Lexis Dispute Letter"), requesting the inaccurate and incorrect information be removed, corrected, or deleted.

36. Lexis was required to conduct an investigation into this information on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

37. On or about December 5, 2019, Plaintiff received notification from Lexis through its "reinvestigation" (Lexis Report No. 136489505) that Lexis received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6). However, Lexis continued reporting inaccurate personal information relating to Plaintiff.

38. A reasonable investigation by Lexis would have updated Plaintiff's personal information as requested in the Lexis Dispute Letter.

39. Lexis failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports causing Plaintiff damages.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Equifax and Lexis violated their duties to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

42. Defendants failed to conduct reasonable investigations as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) (as to PHH) and/or 1681i(a) (as to Equifax and Lexis), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

43. Defendants failed to review all relevant information provided by Plaintiff in the respective dispute letters, as required by and in violation of 15 U.S.C. § 1681i(a).

44. Defendants, upon receipt of Plaintiff's dispute, failed to conduct investigations with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) (as to PHH) and/or 1681i(a) (as to Equifax and Lexis).

45. Due to Defendants' failure to reasonably investigate Plaintiff's disputes, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) (as to PHH), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) (as to PHH) and/or 1681e(b) (as to Equifax and Lexis).

46. Equifax's and Lexis's reporting and re-reporting the above-referenced inaccurate and misleading information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers, like Plaintiff.

47. Despite Plaintiff's efforts to correct Defendants' erroneous and misleading reporting in writing, Defendants neglected, refused, or failed to do so.

48. Defendants' continued inaccurate and misleading reporting in light of their knowledge of the actual errors was willful.  Plaintiff is, accordingly, eligible for statutory damages from each and every Defendant.

49. Also as a result of Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation significant damage to his credit score and creditworthiness, fear of credit denials, loss of reputation, out-of-pocket expenses in challenging each Defendants' wrongful representations, and emotional distress.

50. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

51. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive

damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

52. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

53. Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 7, 2020

                                              Respectfully submitted,

                                              By  /s/ David H. Krieger, Esq.

                                              David H. Krieger, Esq.
                                              Nevada Bar No. 9086
                                              HAINES & KRIEGER, LLC
                                              8985 S. Eastern Ave., Suite 350
                                              Henderson, NV 89123
                                              Phone: (702) 880-5554
                                              FAX: (702) 385-5518
                                              Email: dkrieger@hainesandkrieger.com

                                              Attorney for Plaintiff
                                              *ROBERTO BENABE*